UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MELVIN SPELLS, )<br>)<br>Defendant. ) | No. 1:06-cr-00075-SEB-DKL<br><br>-01 |

**Order to Show Cause**

Defendant has filed a motion seeking compassionate release. Dkt. 29. He seeks immediate release from incarceration. He argues that "extraordinary and compelling reasons" support his release within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i) because he cannot adequately protect himself from the COVID-19 pandemic while incarcerated. *Id.* He also argues that extraordinary and compelling reasons warrant relief because he would face a shorter sentence if sentenced today. *See* dkt. 37.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.' 18 U.S.C. § 3582(c)(1)(A)." *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). Ultimately, however, "[t]he movant bears

the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The U.S. Court of Appeals for the Seventh Circuit has recently issued two opinions that affect the arguments Defendant makes in this case.

As noted, Defendant argues that the risk he faces from the COVID-19 pandemic represents an extraordinary and compelling reason warranting release. Earlier in the pandemic, the Court found on several occasions that a defendant had established extraordinary and compelling reasons warranting release when the defendant suffered from conditions that the CDC recognized as increasing the risk of severe COVID-19 symptoms. *See, e.g.*, *United States v. Johnson*, No. 1:99-cr-59-JMS-DML-06, dkt. 317 (S.D. Ind. Mar. 11, 2021); *United States v. Shivers*, No. 1:15-cr-111-TWP-MJD-2, dkt. 154 (S.D. Ind. Dec. 11, 2020); *United States v. Jansen*, No. 1:08-cr-132-SEB-TAB-12, dkt. 1336 (S.D. Ind. Nov. 25, 2020); *United States v. Uziekalla*, No.3:15-cr-43-RLY-CMM-28, dkt. 1652 (S.D. Ind. Nov. 19, 2020). Underlying those holdings was the understanding that the virus was difficult to control in a prison setting, in part because no vaccine had yet been made widely available.

The situation has now changed dramatically. Three vaccines are being widely distributed in the United States, including the Pfizer and Moderna vaccines. Although no vaccine is perfect, the CDC has recognized that mRNA vaccines like the Pfizer and Moderna vaccines are effective at preventing COVID-19 and that COVID-19 vaccination prevented most people from getting COVID-19.  *See*  https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited July 27, 2021). The CDC also reports that the COVID-19 vaccines authorized for use in the United States offer protection against most variants currently spreading in the United States. *Id.* The vaccines are not 100% effective, and some vaccinated people may still get sick. *Id.* The

CDC reports, however, that mRNA COVID-19 vaccines have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them, including people 65 years and older who are at higher risk of severe outcomes from COVID-19. *Id.*

COVID-19 vaccines have been made widely available within the BOP. As of July 27, 2021, the BOP has administered more than 200,000 doses of the vaccine and has fully inoculated tens of thousands of BOP staff members and inmates. *See* https://www.bop.gov/coronavirus/ (last visited July 27, 2021). In April 2021, the BOP Director testified to the Senate Judiciary Committee that all BOP inmates would be provided the opportunity to be vaccinated by mid-May 2021. *See* https://www.bop.gov/resources/news/20210415_hearing.jsp (last visited July 27, 2021). And, indeed, more than half of the inmates at Defendant's facility have now been fully vaccinated. *See* https://www.bop.gov/coronavirus/ (last visited July 27, 2021) (reporting that 1587 inmates at FCC Forrest City—of which FCI Forrest City Medium is a part—have been fully inoculated against COVID-19); *see* https://www.bop.gov/mobile/about/population_statistics.jsp (last visited July 27, 2021) (reporting that, as of July 15, 2021, 2866 inmates are housed at the various facilities that make up FCC Forrest City). The BOP's efforts at controlling the virus also seem to be meeting with some success. As of July 27, 2021, the BOP reports that FCI Forrest City Medium has only one active case of COVID-19 among inmates. *See* https://www.bop.gov/coronavirus/ (last visited July 27, 2021).

Recently, the U.S. Court of Appeals for the Seventh Circuit held that COVID-19 could not be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, __ F.4th __, No. 20-2906, 2021 WL 3076863 (7th Cir. July 21, 2021). In so holding, the court reasoned, "[F]or the

many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at *2.

Given the reasoning of *Broadfield* and the high rate of vaccination at Defendant's facility, it appears to the Court that the COVID-19 pandemic no longer creates an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A).

In addition, Defendant argues that extraordinary and compelling reasons warrant relief because he would receive a shorter sentence if sentenced today, relying on post-sentencing developments in Supreme Court caselaw and the Sentencing Guidelines. *See* dkt. 37 at 6–9. Although Defendant admits that these changes to the law were not retroactive, *see id.*, he argues that the disparity between the sentence he received and the sentence he would receive if sentenced today is an extraordinary and compelling reason warranting relief. *Id.*

In *United States v. Thacker*, __ F.4th__, No. 20-2943, 2021 WL 2979530 (7th Cir. July 15, 2021), the defendant sought compassionate release under § 3582(c)(1)(A). He argued that extraordinary and compelling reasons warranted relief in part because he would face a much shorter mandatory sentence if sentenced today. *Id.* at *1. Specifically, more than a decade ago, he received a sentence of 33 years and 4 months of imprisonment. *Id.* Seven of those years represented a mandatory minimum sentence for a conviction under 18 U.S.C. § 924(c). *Id.* Twenty-five of those years represented a mandatory, consecutive sentence for another conviction under § 924(c). *Id.* That is, the sentencing court had no choice but to sentence the defendant to at least 32 years of imprisonment. *Id.*

In December 2018, § 924(c) was amended by § 403 of the First Step Act of 2018. First Step Act of 2018, § 403(a), 132 Stat. 5194, 5222; *see* 28 U.S.C. § 924(c)(1)(C) (effective Dec. 21, 2018). If sentenced under the amended § 924(c), the defendant would face only consecutive 7-year sentences for his § 924 convictions—that is, his mandatory minimum sentence would have been only 14 years, not 32 years. First Step Act of 2018, § 403(a), 132 Stat. at 5222. Congress, however, explicitly declined to make § 403 retroactive, providing that the amendment applied only to "any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, § 403(b), 132 Stat. at 5222.

The defendant filed a motion for compassionate release, arguing that the disparity between the sentence he actually received and the sentence he would receive if sentenced today constituted an extraordinary and compelling reason for release. *Thacker*, 2021 WL 2979530, at *1. The district court denied his motion, and the Seventh Circuit affirmed, holding that Congress's deliberate decision to make the amendment to § 924(c) prospective only meant that the change to § 924(c) could not be an extraordinary and compelling reason for relief under § 3582(c)((1)(A). *Id.* at *3–4, 6.

In so holding, it explained that § 3582(c)(1)(A) gives sentencing courts broad discretion in deciding what constitutes extraordinary and compelling reasons warranting relief, but concluded that this discretion "cannot be used to effect a sentencing reduction at odds with Congress's express determination embodied in § 403(b) of the First Step Act that the amendment to § 924(c)'s sentencing structure apply only prospectively." *Id.* at *3. It also specifically stated that rationales suggesting that "the prescribed sentence is too long" cannot supply an extraordinary and compelling reason to reduce a lawful sentence, noting that allowing for such a rationale "would

allow the compassionate release statute to operate in a way that creates tension with the principal path and conditions established for federal prisoners to challenge their sentences [that is] embodied in . . . 28 U.S.C. § 2255 and accompanying provisions." *Id.* at *4. It explained the proper analysis:

> We take the opportunity here to answer squarely and definitively whether the change to § 924(c) can constitute an extraordinary and compelling reason for a sentencing reduction. It cannot.
>
> The proper analysis in evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons proceeds in two steps. At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction, but that reason cannot include, whether alone or in combination with others, consideration of the First Step Act's amendment to § 924(c). Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in [18 U.S.C.] § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* at *6.

Although the decision in *Thacker* explicitly applies only to cases based on the change to § 924(c), its rationale applies to the arguments Defendant makes in this case. Here, Defendant argues that he would face a lower sentence if sentenced today because the Sentencing Guidelines have changed. Dkt. 37 at 6–9. As the United States argues, however, the legal changes on which he relies were not made retroactive. *See* dkt. 40 at 18. And, to the extent that Defendant contends that his original designation as a career offender was incorrect under the Sentencing Guidelines, such an argument could have been raised in a motion under § 2255.

Therefore, it appears to the Court that, under the rationale of *Thacker*, the disparity between the sentence Defendant received and the sentence he believes he might receive if correctly sentenced today cannot be an extraordinary and compelling reason warranting relief, whether alone or in combination with other factors.

Accordingly, within **14 days of the date of this Order** Defendant shall **show cause** why the Court should not deny Defendant's motion for compassionate release as foreclosed by *Broadfield* and *Thacker*. To the extent that Defendant contends that the risk he faces from the COVID-19 pandemic is still an extraordinary and compelling reason warranting relief, Defendant must explain: (1) whether he has received the COVID-19 vaccine; (2) if he has not received the COVID-19 vaccine, whether he has been offered the vaccine and refused it; and (3) if he has refused the COVID-19 vaccine, he must explain why. Any explanation of the reason Defendant refused the COVID-19 vaccine must be supported by admissible evidence (such as an affidavit or declaration under penalty of perjury).

**If Defendant fails to respond as required by this Order, the Court will deem him to have abandoned his motion for compassionate release and deny it without prejudice.**

**IT IS SO ORDERED.**

Date: _____7/28/2021_____

_____*Sarah Evans Barker*_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel