UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:06-cr-75-SEB-DKL-01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MELVIN SPELLS | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-cr-00075-SEB-DKL |
| | ) | |
| MELVIN SPELLS, | ) -01 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Melvin Spells requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Spells's motions are **denied**.

## I. Background

In 2006, a jury convicted Mr. Spells of one count of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951(a) (count 1), one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count 2), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count 3). Dkt. 1. The Court sentenced him to 262 months of imprisonment on counts 1 and 3, and 84 months of imprisonment on count 2, with the terms to run consecutively, for a total of 346 months. *Id.* In 2017, pursuant to *United States v. Johnson*, 576 U.S. 591 (2015), the Court reduced Mr. Spells's sentence to 150 months of imprisonment on count 1, and 120 months on count 3, concurrent; and 84 months on count 2, consecutive; to be followed by a three-year term of supervised release. Dkt. 12.

In December 2020, Mr. Spells filed a pro se motion for compassionate release. Dkt. 29. The Court appointed counsel to represent Mr. Spells, and counsel filed a brief in support of the motion for compassionate release. Dkts. 31, 37. Mr. Spells argues that due to changes to the career

offender guidelines, the disparity between the sentence he received and the sentence he might receive if sentenced today, establishes an extraordinary and compelling reason to grant him compassionate release.[1] Dkt. 29 at 6-7; dkt. 37 at 6-9. The United States filed an opposition brief, dkt. 40, and Mr. Spells filed a reply, dkt. 41. After this matter was fully briefed, the Court entered an order requiring Mr. Spells to show cause why the Court should not deny Defendant's motion for compassionate release as foreclosed by *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021) and *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021). Dkt. 44. Mr. Spells responded, arguing that he is not attempting to circumvent a sentence prescribed by Congress but instead he is arguing that the career offender enhancement never should have applied to him, since it was only applied in the Court's discretion and both the Supreme Court and Sentencing Commission have acknowledged serious defects in the language of the residual clause. Dkt. 45 at 2. He further argues that *Thacker* only stated that § 2255 was the primary path for federal prisoners to challenge their sentences; it did not imply that it was the only path. Accordingly, he argues that he can choose whether to use § 2255 or § 3582. *Id.* at 3.

---

[1] Mr. Spells also briefly references the COVID-19 outbreak at his prison in his pro se motion. Dkt. 29 at 6. In appointed counsel's subsequent supporting brief, counsel does not raise Mr. Spells's risk of severe illness from COVID-19 as an extraordinary and compelling reason for release. Accordingly, the Court does not interpret Mr. Spells's collective filings to raise the risk of severe illness from COVID-19 as an extraordinary and compelling reason for his release. Even if he had raised it, however, the Court would deny his request. Mr. Spells has put forth no evidence or arguments that he suffers from any medical conditions that put him at increased risk of severe illness if he were to contract COVID-19. The general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

**II. Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Spells's argument that the sentencing disparity between the sentence he received under the guidelines at the time of his sentence and what his sentence might be under the current guidelines is without merit. Non-retroactive changes in sentencing law are not extraordinary and compelling reasons for compassionate release. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022) (non-retroactive change in law about which version of the guidelines to apply is not an extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release."). Nor is a motion for compassionate release the proper way to remedy

a potential error in the original sentence. *See United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021).

The Court recognizes that Mr. Spells has completed many programs and courses during his time in prison. *See* dkt. 29-1 at 2-39. And while the Court commends him on these substantial accomplishments, rehabilitation alone is not an extraordinary and compelling reason for release. *See United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022) ("At the first stage of the analysis, the court rightly did not consider Whited's rehabilitation efforts or disciplinary record, which are not extraordinary and compelling reasons for release and are therefore more suitably addressed as part of the § 3553(a) analysis."); *see also* 28 U.S.C. § 994(t).

Given the determination that Mr. Spells has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

**III. Conclusion**

For the reasons stated above, Mr. Spells's motions for compassionate release, dkts. [29] and [46], are **denied.**

**IT IS SO ORDERED.**

Date: 6/3/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel